JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Kenneth Jones appeals from a judgment of the Court of Common Pleas denying his motion to suppress. Defendant was found guilty of possession of less than .03 grams of crack cocaine in violation of R.C. 2925.11. For the following reasons, we reject his contentions and affirm the decision of the trial court.
 {¶ 3} The record presented to us on appeal reveals the following: On the afternoon of March 18, 2001, Officer Kennedy Jones and Officer Samuel Byrd of the Cleveland Police Department were patrolling the area of East 105th Street and Olivet in Cleveland, Ohio. This area is known as a high drug area.
 {¶ 4} Officer Jones and Officer Byrd observed the defendant, another man, and a female standing in the middle of the street. Officer Jones observed what he thought to be some type of hand-to-hand transaction taking place between the three individuals. Officers Jones and Byrd exited their patrol car to investigate further. As they did so, one of the men ran away.
 {¶ 5} While the Officers were approaching, they observed the female trying to stuff something down her waistband. The Officers warned her to not try and hide anything and grabbed a crack pipe from her hands. The Officers then turned to defendant and told him to put his hands on their patrol car to pat him down.
 {¶ 6} During Officer Jones' pat down of defendant, he found one rock of crack cocaine in the coin pocket, "the fifth pocket" of defendant's jeans.
 {¶ 7} On August 1, 2001, defendant was indicted for one count of possession of drugs (less than one gram) in violation of R.C. 2925.11.
 {¶ 8} On November 1, 2001, defendant filed a motion to suppress in which he maintained that all evidence relating to his arrest for possession of crack cocaine should be excluded for the following reasons: lack of probable cause for the initial stop and the search exceeded the scope of a protective pat-down.
 {¶ 9} An evidentiary hearing on defendant's motion to suppress was conducted on January 3, 2002. During the hearing, Officer Jones testified that he observed the defendant in the middle of the street with two other people taking part in a hand-to-hand transaction. Officer Jones also testified that he patted defendant down after he confiscated a crack pipe from the female. Officer Jones testified that he found the rock of crack cocaine while he was patting the defendant down for officer safety. Officer Jones testified that he routinely pats down the coin pocket because razor blades are often found there. Defendant, on the other hand, testified that he was standing on the sidewalk, not in the street, having a conversation with the female and the other male. He claims he did not engage in any hand-to-hand transactions and that he does not know why the other man ran away.
 {¶ 10} On January 3, 2002, the trial court denied defendant's motion to suppress. The trial court found that the officers had a reasonable suspicion to stop and detain the defendant since he was standing in the middle of the street in an area well known for drug use. The court also found that the ensuing search was legal.
 {¶ 11} On January 3, 2002, defendant withdrew his previously entered plea of not guilty and entered a plea of no contest to the indictment of possession of drugs (less than one gram) in violation of R.C. 2925.11. Defendant was then found guilty by the trial court and sentenced to eight months in prison.
 {¶ 12} Defendant appeals his conviction and raises two assignments of error for our review.
 {¶ 13} "I. The trial court erred by denying appellant's motion to suppress despite a showing that the stop of the appellant was not based on reasonable articulable suspicion.
 {¶ 14} "II. The trial court erred in its denial of appellant's motion to suppress despite a showing that the roadside search of appellant was in violation of the plain feel doctrine."
 {¶ 15} In these two assignments of error, we must determine whether Officer Jones had a reasonable suspicion to justify his investigative stop and protective search of defendant.
 {¶ 16} When considering a motion to suppress, the trial court assumes the role of trier-of-fact and is in the best position to resolve factual questions and evaluate the credibility of a witness. State v.Kobi (1997), 122 Ohio App.3d 160. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. Accepting the facts as found by the trial court as true, the appellate court must then independently determine, as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 17} The United States Supreme Court has held that an officer may briefly detain an individual for investigative purposes if the individual is engaging in unusual behavior. This is true even if there is not probable cause to support an arrest, so long as the officer believes that criminal activity has recently occurred or is about to occur. Terryv. Ohio (1968), 392 U.S. 1. To justify this detention, the officer must be able to "point to specific and articulable facts which, taken together with rational inferences with those facts, reasonably warrant that intrusion." Id. at 21.
 {¶ 18} The Supreme Court of Ohio has held that several factors can be taken into consideration to determine whether there was an objective justification for the stop, including: (1) if the area of the stop was a high crime area; (2) if the officer knew of criminal activity that had taken place in the area; (3) the time of day; and (4) whether the conduct of the individual was suspicious. State v. Freeman (1980),64 Ohio St.2d 291, 295.
 {¶ 19} We believe that the facts support a reasonable suspicion by Officer Jones that defendant was engaged in criminal activity. Officer Jones was an experienced police officer with nine years on
 {¶ 20} the force and was familiar with the East 105th and Olivet area. Officer Jones testified at the suppression hearing that the area where the search took place is a high crime area. In fact, Officer Jones testified that the Mayor of Cleveland had previously requested that an officer sit on the corner of East 105th and Olivet due to numerous drug trafficking complaints. Officer Jones also testified that he observed a hand-to-hand transaction between the individuals while standing in the middle of the street and that one of the men ran away as the officers approached them. Finally, Officer Jones testified that the female accompanying defendant was carrying a crack pipe. These factors, when taken collectively, indicate that Officer Jones did not violate defendant's constitutional rights in stopping and investigating defendant's behavior.
 {¶ 21} Having determined that the stop was reasonable, we must next determine whether Officer Jones was entitled to pat down the defendant. During a Terry stop, an officer may perform a "pat down" search for weapons. The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence; it is not intended to provide the officer with an opportunity to ascertain evidence of a crime. State v. Evans (1993), 67 Ohio St.3d 405, 408. When police officers are conducting a lawful Terry search for weapons, they may seize nonthreatening contraband when its incriminating nature is "immediately apparent" to the searching officer through the sense of touch. Id. at 414, fn. 5, citing Minnesota v. Dickerson (1993),508 U.S. 366.
 {¶ 22} Here, Officer Jones stated that he patted the defendant down for officer safety reasons. Officer Jones also stated that his intentions were to search defendant because he suspected that defendant might be in possession of drug contraband since they had just confiscated the crack pipe from the female. (Tr. 13-14). This exceeds the scope of a permissible protective search under Terry.
 {¶ 23} In order to find the rock of crack cocaine, Officer Jones must have believed the rock of crack cocaine was a weapon, or he must have immediately identified it as contraband before he removed it from defendant's pocket. Evans, supra; Dickerson, supra.
 {¶ 24} Here, Officer Jones testified that he searched the small "fifth pocket" because razor blades are often found in those pockets. Officer Jones also indicated in his testimony that the object was immediately apparent as a rock of crack cocaine. He testified that his experience in arresting people in the same fashion led him to that belief. (Tr. 16-18).
 {¶ 25} The evidence shows that Officer Jones began a Terry pat down for weapons, and during that search, felt contraband in the form of a rock of crack cocaine that was immediately apparent. We conclude that the evidence shows that Officer Jones acted in conformity with the standards set forth in Evans and Dickerson.
 {¶ 26} Assignment's of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).